Per Curiam.

The record does not show with any degree of clarity or definiteness what arrangements the tenant made concerning the use and occupancy of the demised premises, in violation of the terms of the lease, by strangers to the lease, or what the tenant received therefor, and when, if at all, such unauthorized user was terminated. Nor does the record contain any finding by the commission with respect to such controverted issues.
The case of Matter of Park East Land Corp. v. Finkelstein (299 N. Y. 70) does not stand for the broad proposition that a subletting contrary to the terms of a lease of premises for residential purposes, or an unauthorized occupancy of such premises would, under no circumstances, constitute a substantial violation of the lease warranting the issuance of a certificate of eviction. That decision holds merely that not every technical violation of a lease of residential property with respect to user requires the issuance of a certificate of eviction. Under the facts of that case, as fully set forth in the opinion of Fuld, J., it was held that the technically unauthorized use did not constitute a substantial violation and that the action of the rent commission in so holding was neither arbitrary nor capricious.
It becomes important, therefore, in cases of this type, to have the facts concerning the alleged unauthorized use and occupancy fully developed at a hearing, and to have the commission make specific findings with respect thereto or that the record shall indicate clearly on the basis of what facts the commission has acted, particularly where there is a conflict in the testimony or proof, or where varying inferences may be drawn therefrom. Only in that way is a reviewing court in a position to determine whether there is reasonable ground for the determination of the commission.
Order annulling the determination of the city rent commission in refusing to issue a certificate of eviction should be accordingly modified, without costs, and the matter remitted to that commission for disposition as indicated in this opinion.
Peck, P. J., G-lennon, Callahan, Van Voorhis and Shientag, JJ., concur.
Determination unanimously modified, without costs, and the matter remitted to the Temporary City Housing Rent Commission of the City of New York, for disposition as indicated in the opinion herein. Settle order on notice.